UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>TAWNY M. RHODES,<br><br>            Defendant. | CR-11-101-FVS-1<br>CR-11-141-FVS-1<br><br>**ORDER AMENDING JUDGMENT** |

**THIS MATTER** comes before the Court without oral argument based upon the defendant's request for resentencing in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines. She is represented by Andrea K. George of the Federal Defenders of Eastern Washington and Idaho. The plaintiff is represented by Assistant United States Attorney Joseph H. Harrington.

**BACKGROUND**

On March 8, 2012, the defendant appeared before the Court for sentencing in both CR-11-101-FVS-1 and CR-11-141-FVS-1 based upon her pleas of guilty, respectively, to the crimes of manufacture of counterfeit currency, 18 U.S.C. § 471, and possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1). In order to determine the defendant's guideline range, the Court followed the procedure that is set forth in Part D of Chapter 3 of the Sentencing Guidelines. Ultimately, the Court determined she had an adjusted combined offense level of 23.

Order ~ 1

Since she fell in Criminal History Category VI, her guideline range was 92 to 115 months. The Court imposed a sentence of 92 months imprisonment in both CR-11-101-FVS-1 and CR-11-141-FVS-1, but the Court authorized the defendant to serve the two sentences concurrently.

On August 31, 2015, the defendant requested resentencing pursuant to 18 U.S.C. § 3582(c) and Amendment 782. According to her, the amended guideline range consists of imprisonment for a term of 77 to 96 months. She urges the Court to impose an amended sentence of 77 months imprisonment. The United States acknowledges the defendant is eligible for resentencing, but the United States questions whether any reduction is appropriate. If the Court disagrees, and if the Court decides to amend the defendant's sentence, the United States maintains the correct amended guideline range is imprisonment for a term of 84 to 105 months.

The Court has decided the defendant's sentence should be amended. For one thing, she does not have any 100- or 200-level disciplinary infractions. For another, she has availed herself of at least some of the opportunities that are offered by the BOP. As she points out, she has completed both the "Residential Life Connections Program" and the "Non-Residential Drug Abuse Treatment Program." Since a reduction of sentence is appropriate in this case, the next step to calculate the correct guideline range.

Each count is treated as a separate group for purposes of U.S.S.G. § 3D1.1. Pursuant to Amendment 782, the base offense level for the drug-trafficking count/group is reduced from level 26 to level 24. As it turns out, this also is the adjusted offense level for that count/group. By contrast, the adjusted offense level for the counterfeit-currency count/group does not change. It remains at 17. Keeping the respective numbers in mind, it is appropriate to turn to U.S.S.G. § 3D1.4. One unit is assigned to the higher of the two groups (*i.e.*, the drug-trafficking count/group). *Id.* One-half unit is assigned to the lower of the two groups (*i.e.*, the counterfeit-currency count/group) because it is between five and eight levels less than the higher of the two groups. *Id.*

Order ~ 2

The units are added together.  The total is 1.5 units.  This means one level is added to the drug-trafficking count/group.  This count/group increases from level 24 to level 25.  The analytic process does not stop there, however.  The combined adjusted offense level of 25 is reduced by three levels for timely acceptance of responsibility.  This leaves the defendant with a combined adjusted offense level of 22.  Since she remains within criminal history category VI, her guideline range is 84 months to 105 months.  In view of her accomplishments while imprisoned, and in view of the absence of disciplinary problems, a sentence of 84 months is appropriate.

**IT IS HEREBY ORDERED**:

1. In CR-11-141-FVS-1, the defendant's motion for modification of her sentence  (**ECF No. 46**) is granted.

2. In both CR-11-101-FVS-1 and CR-11-141-FVS-1, the defendant is resentenced to a term of 84 months imprisonment with credit for time served.  The two prison terms shall run concurrently.

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to file this Order, furnish copies to counsel and the **United States Probation Office**, and close this case.

**DATED** this 23rd day of September, 2015.

s/Fred Van Sickle
FRED VAN SICKLE
Senior United States District Judge
